UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLY WELKIN, individually and on be-
half of MASOUMEH MOHAJER,

-and-

MASOUMEH MOHAJER,

　　　　Plaintiffs,

v.

THE ISLAMIC REPUBLIC OF IRAN,

　　　　Defendant.

**Civil Action No.　1:25-cv-04510-TJK**

## PLAINTIFF'S MOTION FOR JUDICIAL NOTICE AND TO WAIVE THE REQUIREMENT OF SERVICE BY MAIL UNDER 28 U.S.C. § 1608(a)(3)

Plaintiff Carly Welkin ("Plaintiff"), proceeding pro se and individually and on be-half of her mother Masoumeh Mohajer, respectfully moves this Court for an Order waiv-ing the requirement of service by mail under 28 U.S.C. § 1608(a)(3) on the grounds that such service upon the Islamic Republic of Iran ("Iran") is impossible, futile, and has been routinely recognized as such by this Court and the U.S. Department of State.

Furthermore, Plaintiff submits that attempting direct mail service in this specific case presents a risk of retaliation against the hostage victim, Masoumeh Mohajer.

Plaintiff requests that the Clerk of the Court be directed to proceed immediately to service via diplomatic channels under 28 U.S.C. § 1608(a)(4).

In support of this Motion, Plaintiff states as follows:

# I. LEGAL STANDARD

The Foreign Sovereign Immunities Act ("FSIA") prescribes a hierarchy of service meth-ods.  28 U.S.C. § 1608(a).  When no special arrangement exists and the foreign state is not a party to an international convention on service—as is the case with Iran—a plain-


RECEIVED

JAN 14 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

tiff must attempt service by mail requiring a signed receipt under § 1608(a)(3) before resorting to diplomatic channels under § 1608(a)(4).

However, courts have discretion to waive the mailing requirement where "service by mail to Iran is precluded by current regulations and practically impossible." *Holladay v. Islamic Republic of Iran*, 406 F. Supp. 3d 55, 62 (D.D.C. 2019).

# II. ARGUMENT: SERVICE BY MAIL TO IRAN IS FUTILE AND DANGEROUS

The requirement to attempt mail service should be waived because (1) courier services do not deliver legal documents to the Iranian government, (2) the Iranian Ministry of Foreign Affairs routinely refuses such packages, (3) requiring this step causes unnecessary delay and the expense of a futile mailing, and (4) direct contact via mail poses a security risk to the detained victim.

## A. Commercial and Postal Channels Are Unavailable

The U.S. Department of State's own guidance and D.C. Circuit filings confirm that mail service is not a viable option. In *Maalouf v. Islamic Republic of Iran*, filings before the D.C. Circuit—including the United States government's amicus brief and the appellants' opening brief—confirmed that "the United States Postal Service will not deliver mail to Iran, the Iranian Interests Section will not accept legal mail, and DHL deliveries addressed to Iran's Foreign Ministry are refused." (See Amicus Brief of the United States and Opening Brief for Appellants, *Maalouf v. Islamic Republic of Iran*, No. 18-7052 (D.C. Cir. 2018)).

Similarly, the Clerk's Office procedures confirm this impossibility. The Clerk's Office Procedures for Service of Process on a Foreign Defendant (D.D.C., Revised July 2024) explains that service under provisions requiring mail (such as FRCP 4(f)(2)(C)(ii) or § 1608(a)(3)) necessitates a signed receipt, yet it explicitly notes in the Introduction:

Case 1:25-cv-04510-TJK    Document 23    Filed 01/14/26    Page 3 of 9

"Service by U.S. Postal Service (registered mail) is not permitted to Iran or Syria." (Attorney Manual at 4, § I.E.1). The Manual further includes a "Notice of Failed Service" as a model for attorneys, detailing that attempts to serve Iran, the IRGC, and MOIS by mail often fail because "defendants reject the packages or Iranian customs refuses to release them." It notes that "DHL would no longer ship to Iran due to sanctions," forcing plaintiffs to use USPS, yet even when those packages reach Tehran, "Iranian customs held them" and the Foreign Ministry refused them. (Id. at Attachment F-1).

## B. Judicial Consensus on Futility (1979-2025)

Decades of case law demonstrate that attempting mail service is a "wasteful" formality.

**1979:** In *Behring International, Inc. v. Imperial Iranian Air Force*, 475 F. Supp. 383 (D.N.J. 1979), the court noted that the USPS had suspended mail service to Iran, forcing plaintiffs to resort to diplomatic channels.

**2008:** In *Ben-Rafael v. Islamic Republic of Iran*, 540 F. Supp. 2d 52 (D.D.C. 2008), the court provided a detailed factual finding that plaintiffs' mailing attempt failed because "the recipients refused delivery... and the package was returned." The court further noted that even when service was eventually made via diplomatic channels, the Iranian Ministry of Foreign Affairs attempted to return the documents to the Swiss foreign ministry—underscoring the systemic nature of Iran's refusal to accept service and the futility of preliminary mailing requirements.

**2017:** In *Estate of Hirshfeld v. Islamic Republic of Iran*, 235 F. Supp. 3d 45 (D.D.C. 2017), the court observed that when the State Department transmitted documents via diplomatic channels, the Ministry "refused reception of the papers." This illustrates that if even formal diplomatic transmissions are refused, a commercial mailing would invariably meet the same fate.

**2017:** In *Karcher v. Islamic Republic of Iran*, 249 F. Supp. 3d 69 (D.D.C. 2017), the court reviewed arguments that "Iran has repeatedly refused to accept service of process by mail." While procedural requirements were strictly enforced in that instance, the case record serves as further confirmation that Iran routinely rejects mailed legal

documents, rendering the step practically futile.

**2019:**  In *Estate of Hartwick v.  Islamic Republic of Iran*, No.  1:18-cv-01612-CKK (D.D.C. Aug.  23, 2019), Plaintiffs filed a "Notice of Failed Service" explaining that DHL would no longer ship to Iran due to sanctions, so they utilized USPS Registered Mail. Although the packages reached Tehran, Iranian customs held them, and the Iranian Foreign Ministry refused delivery.  This specific Notice is now included as a model in the D.D.C. Clerk's Office Attorney Manual for Service of Process on a Foreign Defendant (Attachment F-1), confirming the Court's institutional awareness of these failures.

**2021:**  In *Radmanesh v.  Islamic Republic of Iran*, 6 F.4th 25 (D.C. Cir.  2021), the D.C. Circuit acknowledged the procedural history where the plaintiff attempted service via DHL, but the package "was refused by Iran," requiring the plaintiff to proceed to diplomatic service.  This appellate recognition confirms the recurring pattern of futile mailing attempts.

**2021:**  In *Williams v.  Islamic Republic of Iran*, 2021 WL 1722227 (D.D.C. Apr.  29, 2021), the court acknowledged that DHL no longer delivered to Iran and the Ministry "refused to accept the package."

**2022:**  In *Przewozman v.  Islamic Republic of Iran*, 2022 WL 4387427 (D.D.C. 2022), the court found that plaintiffs' mailings to the Ministry of Foreign Affairs, MOIS, and IRGC "were refused" and held by customs.  The court's discussion illustrated the "pitfalls" of attempting mail service to Iran, noting that plaintiffs were ultimately forced to rely on diplomatic channels to effectuate service.

## C. Recent Precedent (2024-2025)

The impossibility of mail service remains unchanged in the present day.

**2024:**  In *Singer v.  Islamic Republic of Iran*, Civil Action No.  21-2639 (BAH), 2024 WL 2877554 (D.D.C. June 17, 2024), the Court noted that plaintiffs were forced to utilize diplomatic channels under § 1608(a)(4) after preliminary mailing attempts proved futile.

**2024:**  In *Thole v.  Islamic Republic of Iran*, Civil Action No.  23-793 (BAH), 2024 WL 3242127 (D.D.C. May 16, 2024), the record reflects that plaintiffs attempted service

by sending documents via certified or registered mail to the Iranian Ministry of For-eign Affairs, yet service was ultimately only accomplished months later via diplomatic notes—confirming that the mailing step merely delayed the inevitable use of diplomatic channels.

**2025:** Most recently, in *Ratemo v. Islamic Republic of Iran*, No. 1:25-cv-04510-UNA (D.D.C. May 2025), the court noted that plaintiffs attempted service by mail "to no avail" and ultimately served Iran through diplomatic channels.

## D. Specific Circumstances Warranting Waiver in This Action

In addition to the general futility of mail service to Iran, specific circumstances in this case urge a direct transition to diplomatic service. As detailed in Plaintiff's Emergency Motion to Confirm Next Friend Standing (ECF Pending), the victim, Masoumeh Moha-jer, is currently held under strict house arrest and surveillance by the Defendants. She has been sentenced to a twelve-year prison term on baseless charges and has been ex-plicitly warned by the presiding judge that "intervention by foreign entities... would be viewed as 'foreign meddling' into Iran's national security and would severely exacerbate her situation."

Attempting to effect service by mailing documents directly to Iran—whose agents have already seized Ms. Mohajer's identity documents and threatened her family—is not only futile but presents an unacceptable risk of being misconstrued as the "med-dling" warned against. Proceeding immediately to diplomatic channels under § 1608(a)(4), which is handled government-to-government via the U.S. State Department and the Swiss Embassy, ensures that service is effected through the proper, protected inter-national protocols designed for sensitive state-level disputes, minimizing risk to the hostage while satisfying statutory requirements.

## III. CERTIFICATION OF COMPLIANCE WITH LOCAL CIVIL RULE 7(m)

Pursuant to Local Civil Rule 7(m) and Paragraph 11(a) of the Court's Standing Order (ECF No. 22), Plaintiff certifies that she was unable to confer with Defendant regarding this Motion because Defendant is a foreign state that has not yet been served with process and has not entered an appearance in this action.

## IV. CONCLUSION

Requiring Plaintiff to attempt service by mail would be an exercise in futility, resulting only in delay and the waste of resources. The authorities cited above demonstrate a consistent, forty-year pattern of refusal and unavailability of service.

WHEREFORE, Plaintiff respectfully requests that this Court:

1.  Take judicial notice of the unavailability of mail service to Iran;

2.  Waive the requirement of service under 28 U.S.C. § 1608(a)(3); and

3.  Direct the Clerk of the Court to request service via diplomatic channels under 28 U.S.C. § 1608(a)(4).

Respectfully submitted,

*Carly Welkin*

Carly Welkin
Plaintiff Pro Se
3385 Hollow Tree Dr
Decatur, GA 30034
(470) 461-9151
karly784@gmail.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on this date, a true and correct copy of the foregoing Motion for Judicial Notice and to Waive the Requirement of Service by Mail was filed with the Clerk of the Court via CM/ECF.

I further certify that a courtesy copy of this Motion has been served via electronic mail to the U.S. Department of State, Office of the Legal Adviser (L/CA/POG/GC) at FSIA-LR@state.gov. Website: https://www.state.gov/bureaus-offices/secretary-of-state/office-of-the-legal-adviser/

I further certify that a courtesy copy of this Motion has been served via electronic mail to the U.S. Department of State, Iran Desk Officer (Stuart Arias) at AriasSD@state.gov.

I further certify that I am serving this Motion via electronic mail to the Clerk's Office Intake: U.S. District Court for the District of Columbia, 333 Constitution Avenue NW, Room 1225, Washington, DC 20001. Phone: (202) 354-3120 | Email: DCD_Intake@dcd.uscourts.gov. Website: www.dcd.uscourts.gov

Dated: January 14, 2026

*Carly Welkin*

Carly Welkin
Plaintiff Pro Se
3385 Hollow Tree Dr
Decatur, GA 30034
(470) 461-9151
karly784@gmail.com

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CARLY WELKIN, individually and on be-
half of MASOUMEH MOHAJER,

-and-

MASOUMEH MOHAJER,

        Plaintiffs,

v.

THE ISLAMIC REPUBLIC OF IRAN,

        Defendant.

**Civil Action No.   1:25-cv-04510-TJK**

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Judicial Notice and to Waive the Requirement of Service by Mail Under 28 U.S.C. § 1608(a)(3), and the entire record herein, it is hereby

**ORDERED** that Plaintiff's Motion is **GRANTED**; and it is further

**ORDERED** that the Court takes judicial notice that service by mail to the Islamic Republic of Iran is precluded by current regulations and is practically impossible; and it is further

**ORDERED** that the requirement of service by mail under 28 U.S.C. § 1608(a)(3) is waived; and it is further

**ORDERED** that the Clerk of the Court shall proceed immediately to service via diplomatic channels under 28 U.S.C. § 1608(a)(4).

**SO ORDERED.**

Date: _____    _____

TIMOTHY J. KELLY

United States District Judge