| | |
|---|---|
| CARLY WELKIN and<br>MASOUMEH MOHAJER,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | **Civil Action No.**<br>**1:25-cv-04510-TJK** |

### PLAINTIFF CARLY WELKIN'S PRE-STATUS-CONFERENCE STATEMENT AND NOTICE OF SUPPLEMENTAL MATERIALS REGARDING CURRENT SHIPPING RESTRICTIONS AND SERVICE UNDER 28 U.S.C. § 1608(a)(3)-(4)

Plaintiff Carly Welkin, proceeding pro se and filing only on her own behalf, submits this statement in advance of the telephonic status conference set for July 31, 2026, at 11:30 a.m. Plaintiff is not filing a renewed Affidavit Requesting Foreign Mailing or submitting another physical service packet before the conference. The July 27, 2026 Minute Order (ECF No. 36) directs the Clerk to dispatch the papers "upon Plaintiff's renewed request." Plaintiff respectfully defers that renewed request until the conference so the Court can address whether another paragraph (3) mailing attempt is necessary in light of the prior attempt, the returned packet, the current official shipping suspension, the Court's published checklist, and the D.D.C. authorities attached. Plaintiff will promptly follow the procedure the Court directs after the conference.

### I. THE JULY 27 ORDER AND THE TIMING OF PLAINTIFF'S RENEWED REQUEST

The July 27 Minute Order found that the Clerk's Office appeared to have erred in refusing Plaintiff's request to dispatch the summons, complaint, and other required materials to the head of Iran's ministry of foreign affairs, and it ordered the Clerk to do so upon Plaintiff's renewed request. ECF No. 36. The Court denied the Motion to Clarify to the extent it requested any further relief and set the July 31 status conference.

Plaintiff reads the phrase "upon Plaintiff's renewed request" to mean that a new dispatch is not triggered until she makes that request. She is therefore not asking the Clerk to dispatch another packet before the conference. This temporary deferral is not a refusal to comply with ECF No. 36. It

is intended to permit an orderly conference on whether the current, documented record already establishes that service cannot be made under § 1608(a)(3), or whether the Court requires a renewed paragraph (3) dispatch notwithstanding the present carrier restrictions. If the Court determines that a renewed dispatch remains necessary, Plaintiff will promptly file the required affidavit and provide the physical materials after the conference.

### II. THE COURT'S PUBLISHED CHECKLIST AND CURRENT USPS MATERIALS

The Clerk's July 2024 *Service of Process on a Foreign Defendant - Checklists for Attorneys* states: "If service cannot be attempted because of statute/convention or shipping restrictions, counsel dockets a Notice explaining the circumstances that allows for skipping service under a rule and proceeding to the next rule." Ex. A at 2. The checklist is administrative guidance rather than binding legal authority, but it directly identifies a notice as the procedural vehicle for presenting shipping restrictions to the Court.

The Clerk's separate July 2024 manual states that "[s]ervice by U.S. Postal Service (registered mail) is not permitted to Iran or Syria." Ex. A at 4. The same manual describes a generic § 1608(a)(3) hand-carry procedure in which the filer pays postage and takes a Clerk-sealed package to USPS. Ex. A at 6-7. The tension between the Iran-specific restriction and the generic hand-carry procedure is one reason Plaintiff seeks guidance before initiating a second mailing process.

USPS's current international-service page, updated July 24, 2026, lists Iran under a transportation-based suspension with an effective date of March 3, 2026, and directs customers to refrain from mailing to listed destinations until further notice. Ex. B. Plaintiff's February 11, 2026 registered-mail packet was later returned to her on June 20, 2026, marked "MAIL SERVICE SUSPENDED - RETURN TO SENDER," and no signed receipt or delivery confirmation was received. Ex. D; ECF Nos. 35, 35-1. Thus, the record includes both an actual returned packet and current official notice that USPS is not accepting Iran-directed mail.

These materials do not make the statutory hierarchy optional, and Plaintiff does not contend that the Clerk's administrative guidance binds the Court. They do, however, support addressing at

the conference whether requiring another physical tender that USPS presently directs customers not to make would add any legally material evidence, or whether the Court may determine from the existing record that service cannot be made under paragraph (3).

### III. GHODSTINAT AND NAIVASHA ARE PERSUASIVE, FACT-SPECIFIC EXAMPLES

In *Ghodstinat v. Islamic Republic of Iran*, No. 1:23-cv-03175-CRC, the plaintiffs documented carrier unavailability and delay, explained that more than thirty days had passed, and sought leave to proceed under § 1608(a)(4). Judge Christopher R. Cooper granted the motion "for the reasons stated" and because good cause had been shown. *Ghodstinat*, ECF No. 10 (D.D.C. Dec. 8, 2023) (Ex. C).

In *Naivasha v. Islamic Republic of Iran*, No. 1:25-cv-01577-JDB, the plaintiffs filed a Notice Regarding Shipping Restrictions with carrier materials. Judge John D. Bates construed that notice as a motion, found that the plaintiffs had established they were unable to serve Iran under § 1608(a)(1)-(3), and permitted service under § 1608(a)(4). Minute Order (D.D.C. July 17, 2025) (summarized in Ex. E). The Clerk then dispatched the diplomatic-service packet to the Department of State.

Those rulings are nonbinding and their records are not identical to this case. Plaintiff offers them for the narrower proposition that a court in this District may make a case-specific determination of inability based on documented shipping restrictions and a notice, without treating the physical return of a newly mailed parcel as the exclusive form of proof.

### IV. SUPPLEMENTAL MATERIALS SUBMITTED FOR THE CONFERENCE

**1.** Exhibit A - D.D.C. Clerk's Office foreign-service checklist and manual excerpts, including the notice procedure for shipping restrictions, the Iran-specific USPS note, and § 1608(a)(3)-(4) procedures.

**2.** Exhibit B - current USPS materials listing Iran under an international-mail suspension.

**3.** Exhibit C - *Ghodstinat v. Islamic Republic of Iran*, ECF Nos. 8-1 and 10, concerning progression from § 1608(a)(3) to § 1608(a)(4).

**4.** Exhibit D - Plaintiff's declaration concerning the February 11, 2026 packet and its June 20, 2026 return marked "MAIL SERVICE SUSPENDED - RETURN TO SENDER."

**5.** Exhibit E - a concise demonstrative summary of *Baker, Ghodstinat*, and *Naivasha,* together with the official service-restriction materials and cost information.

**6.** Exhibit F - Plaintiff's queries for the July 31, 2026 status conference.

### V. ISSUES PLAINTIFF EXPECTS TO ADDRESS ON JULY 31

**1.** Whether the February 11 attempt, the returned packet, the current USPS suspension, and the Clerk's published checklist permit the Court to find that service cannot be made under § 1608(a)(3) without requiring a renewed Iran-directed parcel.

**2.** If a renewed paragraph (3) dispatch is required, what exact carrier and signed-receipt method the Clerk will use, and whether a carrier's refusal or nonacceptance may be entered promptly on the docket.

**3.** What date will begin the thirty-day period in § 1608(a)(4), and whether Plaintiff may seek paragraph (4) relief after thirty days without waiting months for a physical parcel to return.

**4.** The cost of any renewed procedure. The Court's published materials identify Plaintiff-paid postage or a private-carrier account for paragraph (3), but no separate fixed Clerk service fee. They identify a $2,275 State Department fee per defendant for paragraph (4), payable by cashier's check, with an Iran request ordinarily payable to "U.S. Embassy Bern." Ex. A.

**5.** How the prior diplomatic-service packet and fee reflected at ECF No. 33 will be treated, including whether the existing payment can be used or credited and whether a second $2,275 payment would be required if the Court authorizes another paragraph (4) transmission.

Plaintiff respectfully submits these materials so the July 31 conference can focus on a lawful, documented, and nonduplicative path to completion of service. Plaintiff respectfully defers her renewed paragraph (3) request until after the conference and will promptly follow the Court's direction.

Respectfully submitted,

**/s/ Carly Welkin** *Carly Welkin*
Carly Welkin, Plaintiff

Email: karly784@gmail.com