**EXHIBIT E**

# FSIA § 1608(a)(3)-(4)

# Iran-Directed Mail Restrictions and Court-Authorized Transition to Diplomatic Service

Selected D.D.C. docket orders and current official service evidence



**FOREIGN SOVEREIGN IMMUNITIES ACT**

**Three docket authorities - each stated separately**

*Baker v. Islamic Republic of Iran*, No. 22-cv-2765 (BAH), Minute Order (D.D.C. Nov. 28, 2022).

*Ghodstinat v. Islamic Republic of Iran*, No. 23-cv-3175 (CRC), Order, ECF No. 10 (D.D.C. Dec. 8, 2023).

*Naivasha v. Islamic Republic of Iran*, No. 25-cv-1577 (JDB), Minute Order (D.D.C. July 17, 2025).

Prepared by Carly Welkin

on July 28, 2026

*Purpose: evidentiary and procedural support; not a claim that district-court docket orders displace the statutory sequence.*

All text in this revised exhibit is native, selectable text. The linked PPTX is the fully editable source.

1

# Statutory sequence and controlling limitation

*The hierarchy is mandatory; the cited docket orders must be read within it.*

 **§ 1608(a)(1)**

### Special arrangement

Use any applicable special arrangement between the plaintiff and the foreign state.

>

 **§ 1608(a)(2)**

### Applicable convention

If no special arrangement exists, use an applicable international convention on service.

>

 **§ 1608(a)(3)**

### Mail requiring signed receipt

The clerk addresses and dispatches the required documents and translations to the head of the foreign ministry.

>

 **§ 1608(a)(4)**

### Diplomatic channels

If service cannot be made within 30 days under paragraph (3), the clerk dispatches two copies to the Secretary of State.

**CONTROLLING CAUTION**

Strict adherence to § 1608(a) is required. The statute and State Department guidance ordinarily require an attempted paragraph (3) mailing and 30 days before paragraph (4). The three docket orders are fact-specific examples of courts allowing diplomatic service; they are not binding precedent and do not create an automatic waiver.

Authorities: 28 U.S.C. § 1608(a); Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148, 154 (D.C. Cir. 1994); Republic of Sudan v. Harrison, 587 U.S. 1 (2019).

# Current official evidence of Iran-directed mail restrictions

*USPS now lists Iran under a transportation-based international mail suspension.*



*USPS service-alert page captured by Plaintiff*

**USPS - UPDATED JULY 24, 2026**

USPS temporarily suspends international mail acceptance to Iran because transportation is unavailable. Already-deposited items are returned as service-suspended mail.

**D.D.C. CLERK MANUAL - JULY 2024**

The Clerk's Office manual states that USPS registered-mail service is not permitted to Iran or Syria and separately describes the § 1608(a)(4) packet.

**STATE FSIA CHECKLIST - JULY 2024**

The State Department instructs plaintiffs to document prior methods and says paragraph (4) is available after 30 days from the paragraph (3) attempt.

**Supported proposition**   Current official materials support a factual showing that USPS registered-mail service to Iran cannot presently be completed.

**Not established by these sources alone**   They do not, by themselves, erase the statutory sequence or authorize every litigant to omit an attempted paragraph (3) mailing.

# Case 1 - Baker v. Islamic Republic of Iran

*No. 22-cv-2765 (BAH) - Chief Judge Beryl A. Howell*

## DOCKET SEQUENCE

**Oct. 18, 2022**   **Affidavit requesting foreign mailing**
Plaintiffs asked the Clerk to dispatch service materials under § 1608(a)(3).

**Nov. 1, 2022**   **Clerk notice regarding carrier availability**
The docket states that the Clerk had been notified that DHL no longer delivered to Iran or Syria.

**Nov. 22, 2022**   **Motion and notice of failed service**
Plaintiffs filed a motion to proceed under § 1608(a)(4), together with evidentiary material concerning inability to complete paragraph (3) service.

**Nov. 28, 2022**   **Minute order granting paragraph (4) relief**
The Court directed submission of the paragraph (4) materials to the Clerk for dispatch to the Department of State.

### LEGAL USE

## What Baker supports

- A plaintiff created a docket record seeking § 1608(a)(3) service.

- The Clerk documented a carrier non-delivery problem involving Iran.

- The Court then permitted the case to move to diplomatic service under § 1608(a)(4).

**Limit**   The minute order is a case-specific docket ruling, not a published appellate holding.

**Citation:** *Baker v. Islamic Republic of Iran*, No. 22-cv-2765 (BAH), Minute Order (D.D.C. Nov. 28, 2022).   [CourtListener docket](#)

# Case 2 - Ghodstinat v. Islamic Republic of Iran

*No. 23-cv-3175 (CRC) - Judge Christopher R. Cooper*



**FILING**     December 6, 2023

### Motion for Leave to Proceed with Service Pursuant to 28 U.S.C. § 1608(a)(4)

**Materials identified in the original Exhibit E**

- Six-page memorandum in support

- Declaration of Cody Marden

- Proposed order

- Argument that Iran-directed mail service was futile or could not be completed within the statutory period

> The original exhibit identifies the motion as ECF No. 8-1.



**ORDER**     December 8, 2023

### Order granting leave to proceed under § 1608(a)(4)

**Procedural significance**

- The order followed the motion by two days.

- The Court accepted a supported request to use diplomatic channels.

- The order is useful as a docket example, but its force depends on the record submitted in that case.

**Bluebook-style docket citation**

*Ghodstinat v. Islamic Republic of Iran*, No. 23-cv-3175 (CRC), Order, ECF No. 10 (D.D.C. Dec. 8, 2023).

CourtListener docket: https://www.courtlistener.com/docket/67907522/ghodstinat-v-islamic-republic-of-iran/

# Case 3 - Naivasha v. Islamic Republic of Iran

*No. 25-cv-1577 (JDB) - Judge John D. Bates*

---

**NOTICE - JULY 16, 2025**

## Notice Regarding Shipping Restrictions

**Docket materials described:**

- Exhibits A-C addressing carrier restrictions

- Policies concerning FedEx and DHL shipments to sanctioned or high-risk destinations

- Request to proceed under § 1608(a)(4) because paragraphs (1)-(3) could not be completed

**Procedural vehicle**    A notice, rather than a separately captioned motion.

---

**MINUTE ORDER - JULY 17, 2025**

## Court action the next day

Judge Bates construed the notice as a motion, found that plaintiffs had established they were unable to serve Iran under § 1608(a)(1)-(3), and permitted service under § 1608(a)(4).

**July 22, 2025**    The Clerk dispatched the paragraph (4) packet to the Department of State by FedEx.

**Limit**    The order is best cited for what this specific docket record supported, not as a categorical exception to § 1608(a).

---

[Naivasha v. Islamic Republic of Iran, No. 25-cv-1577 (JDB), Minute Order (D.D.C. July 17, 2025)  |  CourtListener docket](#)

Public docket metadata also shows the Clerk's July 22, 2025 dispatch under § 1608(a)(4).

# Comparative analysis - three fact-specific docket orders

*The important comparison is the record before the court, not merely the speed of the ruling.*

| CASE | RECORD BEFORE ORDER | PROCEDURAL FILING | ORDER TIMING | PERMISSIBLE INFERENCE |
|---|---|---|---|---|
| Baker 22-cv-2765 | Clerk request under (a)(3); docket notice that DHL no longer delivered to Iran/Syria; failed-service evidence. | Formal motion plus notice. | 6 days | Court allowed progression to (a)(4) after a documented paragraph (3) problem. |
| Ghodstinat 23-cv-3175 | Memorandum, declaration, and proposed order supporting inability or delay. | Motion for leave. | 2 days | Supported motion accepted on the facts presented in that docket. |
| Naivasha 25-cv-1577 | Notice with carrier-restriction exhibits; court found inability under (a)(1)-(3). | Notice construed as motion. | 1 day | A notice can be treated as a motion when the court finds the record sufficient. |

**Caution: filing-to-order timing is descriptive only. None of these district-court docket orders supersedes § 1608(a), Transaero, Harrison, or a case-specific order of the presiding judge.**

# Application to the Welkin docket - a narrower, stronger use

*This revision addresses the May 8, 2026 order by separating current factual proof from the legal sequence.*

## MAY 8, 2026 ORDER

### What the Court rejected

The Court denied a request to proceed directly to § 1608(a)(4) without attempting § 1608(a)(3). It held that the earlier cases showed likely failure, not permission to dispense with an attempt.

**Controlling language**

*"Strict adherence to the terms of § 1608(a) is required."*

Transaero, 30 F.3d at 154

> **Use Exhibit E to prove a current restriction and document the record - not to argue that the hierarchy is optional.**

## RECOMMENDED PROPOSITION

**1  Current fact** — USPS is presently not accepting Iran-directed international mail because transportation is unavailable.

**2  Docket proof** — Pair the USPS alert with the Clerk's request, receipt, return, non-delivery, or other proof of what occurred under paragraph (3).

**3  Thirty-day record** — Identify the date of the paragraph (3) attempt and the passage of 30 days, or explain with precise authority why a method was not applicable.

**4  Precise relief** — Ask the Court to recognize that service cannot be made under paragraph (3) and to direct the Clerk to proceed under paragraph (4).

**5  No overstatement** — Describe Baker, Ghodstinat, and Naivasha as nonprecedential docket examples, not an automatic "impossibility bypass."

# Bluebook-style citations and live docket links

*The three cases are separated, fully cited, and linked for further editing or verification.*

***Baker v. Islamic Republic of Iran***, No. 22-cv-2765 (BAH), Minute Order (D.D.C. Nov. 28, 2022).

https://www.courtlistener.com/docket/65343735/baker-v-islamic-republic-of-iran/

***Ghodstinat v. Islamic Republic of Iran***, No. 23-cv-3175 (CRC), Order, ECF No. 10 (D.D.C. Dec. 8, 2023).

https://www.courtlistener.com/docket/67907522/ghodstinat-v-islamic-republic-of-iran/

***Naivasha v. Islamic Republic of Iran***, No. 25-cv-1577 (JDB), Minute Order (D.D.C. July 17, 2025).

https://www.courtlistener.com/docket/70285117/naivasha-v-the-islamic-republic-of-iran/

**Official current sources**   USPS International Service Alerts   D.D.C. Clerk Manual (2024)   State Department FSIA Checklist

Controlling cases: Transaero, Inc. v. La Fuerza Aerea Boliviana, 30 F.3d 148, 154 (D.C. Cir. 1994); Republic of Sudan v. Harrison, 587 U.S. 1 (2019).

# Exhibit E

*A factual record of present nonavailability, framed consistently with the statute and the Court's prior order.*

Current USPS and D.D.C. Clerk materials support the factual proposition that USPS registered-mail service to Iran is not presently available. The three cited D.D.C. dockets illustrate fact-specific orders allowing plaintiffs to proceed under § 1608(a)(4) after the court accepted evidence that earlier methods could not be completed.

**This exhibit does not assert an automatic exemption from § 1608(a)(3). It should be read consistently with the statutory hierarchy, Transaero, Harrison, the State Department checklist, and the May 8, 2026 order in this case.**

*Lex non cogit ad impossibilia - the law does not compel the impossible - is an interpretive maxim, not a substitute for satisfying § 1608(a)'s text and the Court's orders.*

**FOREIGN SOVEREIGN IMMUNITIES ACT**