# EXHIBIT F

## SELECTED D.D.C. DOCKET AUTHORITIES AND OFFICIAL MATERIALS REGARDING SHIPPING RESTRICTIONS AND PROGRESSION FROM 28 U.S.C. § 1608(a)(3) TO § 1608(a)(4)

**Purpose and limitation.** This exhibit summarizes selected D.D.C. docket materials and official information concerning current shipping restrictions, service under § 1608(a)(3), and progression to diplomatic service under § 1608(a)(4). It is offered as a research aid for the July 31, 2026 status conference. The cited district-court orders are nonprecedential and fact-specific. Plaintiff has not yet made the renewed request referenced in ECF No. 36 and will follow the procedure the Court directs after the conference. This exhibit does not treat the statutory sequence as optional.

## A. Statutory sequence and controlling caution

| Provision | Required sequence |
| --- | --- |
| § 1608(a)(1) | Service under any special arrangement between the plaintiff and the foreign state. |
| § 1608(a)(2) | If no special arrangement exists, service under an applicable international convention. |
| § 1608(a)(3) | If paragraphs (1) and (2) are unavailable, the Clerk addresses and dispatches the required papers and translations, by mail requiring a signed receipt, to the head of the foreign ministry. |
| § 1608(a)(4) | If service cannot be made within thirty days under paragraph (3), the Clerk dispatches two copies to the Secretary of State for transmission through diplomatic channels. |

**Controlling caution:** Section 1608(a) is applied in descending order and requires strict adherence. See *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 30 F.3d 148, 154 (D.C. Cir. 1994); *Republic of Sudan v. Harrison*, 587 U.S. 1 (2019).

## B. Selected fact-specific D.D.C. docket authorities

**1.** *Baker v. Islamic Republic of Iran*

No. 1:22-cv-02765 (BAH), Minute Order (D.D.C. Nov. 28, 2022). Public docket materials reflect a paragraph (3) request, a documented carrier-delivery problem involving Iran, and a later order permitting submission of paragraph (4) materials.

https://www.courtlistener.com/docket/65343735/baker-v-islamic-republic-of-iran/

**2.** *Ghodstinat v. Islamic Republic of Iran*

No. 1:23-cv-03175 (CRC), Order, ECF No. 10 (D.D.C. Dec. 8, 2023). The plaintiffs documented carrier unavailability and delay and requested leave to proceed under paragraph (4). Judge Christopher R. Cooper granted the motion for the reasons stated and for good cause shown. See Exhibit C.

https://www.courtlistener.com/docket/67907522/ghodstinat-v-islamic-republic-of-iran/

**3.** *Naivasha v. Islamic Republic of Iran*

No. 1:25-cv-01577 (JDB), Minute Order (D.D.C. July 17, 2025). After the plaintiffs filed a Notice Regarding Shipping Restrictions with carrier materials, Judge John D. Bates construed the notice as a motion, found inability to serve Iran under paragraphs (1)-(3), and permitted paragraph (4) service.

https://www.courtlistener.com/docket/70285117/naivasha-v-the-islamic-republic-of-iran/

**Limited use.** These rulings illustrate how particular records were handled. They do not bind this Court, create an automatic exception, or dictate the outcome under ECF No. 36.

## C. Official Court and USPS materials

**D.D.C. checklist.** The July 2024 checklist states that when service cannot be attempted because of shipping restrictions, counsel dockets a notice explaining the circumstances that allows proceeding to the next rule. It also states that, if service cannot be effected under § 1608(a)(3), the Clerk may make a docket notation and counsel may proceed to the next rule. See Exhibit A.

**D.D.C. manual.** The July 2024 manual states that USPS registered-mail service is not permitted to Iran or Syria. It separately describes the generic paragraph (3) hand-carry process and the paragraph (4) procedure. The manual expressly disclaims status as legal authority. See Exhibit A.

**USPS service alert.** The USPS page updated July 24, 2026 lists Iran under a transportation-based international-mail suspension effective March 3, 2026 and directs customers to refrain from mailing to listed destinations until further notice. See Exhibit B.

**Case-specific record.** Plaintiff's February 11, 2026 packet was returned on June 20, 2026, marked "MAIL SERVICE SUSPENDED - RETURN TO SENDER." See ECF Nos. 35, 35-1; Exhibit D. ECF No. 36 directs the Clerk to dispatch upon Plaintiff's renewed request; Plaintiff has not yet triggered that conditional step.

**Proposition supported.** The materials support submitting a notice and requesting a case-specific determination whether service can be made under paragraph (3), whether another dispatch is necessary, and how any carrier refusal or nonacceptance should be documented.

**Proposition not established.** The materials do not create a categorical "impossibility bypass," eliminate strict adherence to § 1608(a), or guarantee paragraph (4) relief in this case.

## D. Costs identified in the published materials

**Paragraph (3).** The Clerk's materials require the filer to pay actual USPS postage or provide a FedEx/DHL account and shipping label. They do not identify a separate fixed Clerk service fee for paragraph (3).

**Paragraph (4).** The published materials identify a $2,275 State Department fee for each defendant and each instance of diplomatic service, payable by cashier's check. For Iran, the check is ordinarily payable to "U.S. Embassy Bern." Whether a previously submitted payment can be reused or credited is not answered by those materials and should be clarified at the conference.

## E. Narrow application to the Welkin docket

**1.** Ask at the conference whether the existing record permits a finding that service cannot be made under paragraph (3), without requiring a renewed Iran-directed parcel.

**2.** If a renewed attempt is required, identify the exact carrier, cost, dispatch or tender date, tracking information, and any refusal or nonacceptance on the docket.

**3.** If the Court finds paragraph (3) service cannot be made, clarify the timing and materials for paragraph (4), including treatment of the prior diplomatic-service packet and fee.

**4.** Describe Baker, Ghodstinat, and Naivasha only as nonbinding docket examples, not as a categorical exception to § 1608(a).

## Official source links

• USPS International Service Alerts: https://about.usps.com/newsroom/service-alerts/international/welcome.htm
• D.D.C. Clerk Procedures (July 2024): https://www.dcd.uscourts.gov/sites/dcd/files/AttyManualForeignMlg2024.pdf
• D.D.C. Foreign Mailing Checklist (July 2024):
  https://www.dcd.uscourts.gov/sites/dcd/files/AttyForeignMailingChecklist2024.pdf

*Prepared for the July 31, 2026 status conference. Revised July 28, 2026.*